## SAMUEL M. PHILLIPS *vs.* OAKES AMES & another.

The guaranty by a firm of a private debt of one of the partners, if made in contemplation of insolvency, is not a debt which can be proved against the joint estate, by a creditor who knew that the firm was insolvent.

APPEAL from the decision of a judge of insolvency, disallowing the claim of the plaintiff to prove notes to the amount of $18,000, against the estate of Phillips and Moseley, insolvent debtors.

At the trial in the superior court, before *Ames*, J., it appeared that prior to June 30th 1855 the plaintiff was in partnership with Flavel Moseley, Frederick P. Moseley and George A. Phillips, under the firm of Phillips and Moseley, and on that day sold out his interest in the firm to Frederick P. Moseley and George A. Phillips for the sum of $24,000, and the business was continued under the same name; that two notes of $5000 each, and six of $2000 were given in payment therefor, besides $2000 in cash; that two of the smaller notes were paid; that in 1857 Frederick P. Moseley, with the assent of Phillips, but without the knowledge of Flavel Moseley, promised the plaintiff that he should have the indorsement of the firm upon the notes then remaining unpaid; that on the 12th of January 1860 Flavel Moseley consented to this arrangement, and the notes were accordingly indorsed by the firm, which was then insolvent and was known by the plaintiff to be so; and that in April 1860 the firm went into insolvency, and the defendants were chosen assignees.

Upon these facts, the judge ruled that the guaranty was not binding upon the firm, and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*J. M. Keith,* (*B. E. Perry* with him,) for the plaintiff.

*J. J. Clarke & J. G. King,* for the defendants, were not called upon.

BIGELOW, C. J.[*]  We do not see how these claims can be allowed as a valid debt against the estate of the firm in insolvency. The notes which the plaintiff seeks to prove against the joint estate were originally the private debts of two of the members of the firm. They were not indorsed with the name of the firm until after it had become insolvent, and its condition was known to the plaintiff and to all the copartners. No debt existed from the firm to the plaintiff as a consideration for which said indorsement was made, nor was there any consideration therefor except a previous agreement with the plaintiff by one of the members of the firm, that the payment of the notes should

---

[*] HOAR, J. did not sit in this case.

be guaranteed by the copartnership. Under these circumstances, we are of opinion that it was not competent for the members of the firm to bind their assets to the payment of the separate debt of the copartners. The contract of the firm having been made when they were insolvent, and when the state of their affairs was fully known to all the parties, it is now to be presumed that it was made in contemplation of such insolvency, and of the proceedings by which the assets of the firm have passed into the hands of the defendants as assignees. There can be no doubt that such a transaction tends to defeat the operation of that provision of the insolvent law which is designed to secure the appropriation of the property of a firm to the payment of the joint debts. In this respect, it is in the nature of a fraud on the rights of the joint creditors. If it can be sanctioned and upheld, it would enable parties, after insolvency had actually occurred, and in view of legal proceedings under the statute for the sequestration and distribution of the assets of a firm, to convert separate into joint debts, and thereby essentially to control such proceedings, and to cause individual debts to be paid out of the estate of the copartnership. By such means, it is obvious that the share of the assets belonging to those who were the real creditors of the firm might be essentially diminished, so as to deprive them of dividends to which they would have been entitled if the distribution had been confined to those who had claims which were *bona fide* provable against the joint estate. Nor is this all. A wide door would be opened whereby preferences might be created, in direct contravention of the spirit and policy of the insolvent law. By placing the promise of the firm on the separate debts of the copartners, insolvent debtors might give to such of their private creditors as they might select a right to prove their claims against both estates, and thereby not only diminish the dividends of those who were in good faith creditors of the firm, but also create a preference over other private creditors, to whom the promise of the firm had not been given. In short, such a transaction by indirect means operates to appropriate a portion of the joint assets to pay the private debts of certain creditors, and thereby to give

16*

them a preference over other separate creditors in fraud of the creditors of the firm. It must therefore be deemed to have been done *mala fide*, and to have created no valid claim in favor of the separate creditors upon the joint assets.

To the validity of the transfer of joint property from a co-partnership to a member of a firm, *bona fides* has always been deemed essential. If such transfer has been made in contemplation of insolvency, it has always been held void, as having been done *mala fide*, and in fraud of the joint creditors. *Howe* v. *Lawrence*, 9 Cush. 553. *Robb* v. *Mudge*, 14 Gray, 534. The principle on which these decisions rest requires us to hold that the guaranty by a firm of a private debt of a copartner, in contemplation of insolvency, is not a debt which can be proved against the joint estate. See *Wild* v. *Dean*, 3 Allen, 579, 582.

*Judgment on the verdict.*